UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| HAROLD HANSBOROUGH, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:08 CV 399 JM |
| | ) | |
| MEMORIAL HOSPITAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Harold Hansborough filed a *pro se* complaint pursuant to 42 U.S.C. §1983 against Dr. G. Blair Dowden, M.D., and the South Bend Memorial Hospital. He also seeks leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2).

Hansborough alleges that Dr. Dowden and the nursing staff at Memorial Hospital "overhydrated him with 28-22 liters of fluid in a 20 hour period" in violation of the hospital's hydration policy, which restricted the amount of fluid patients were to be given in a twenty-four hour period. (Complaint at p. 2). He alleges that "because they did not remove the excess fluid . . . plaintiff's kidney . . . [malfunctioned] . . . giving

him kidney disease and putting him on dialysis." (Complaint at p. 2). Hansborough further alleges that "this violated their contract with plaintiff and contract of service." (Complaint at p. 2).

Hansborough brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

The United States Supreme Court defined the phrase "acting under color of [state] law" as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citations omitted). The purpose of § 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Neither of the defendants in this case are state actors, and neither the Memorial Hospital nor its employees are proper defendants in a § 1983 action.

Moreover, even if they were proper defendants in a § 1983 action, Hansborough states no claim upon which relief can be granted against them because he alleges only

2

that the doctors and nurses negligently violated hospital policy and that both defendants violated their contract with him. Neither of these claims implicates the United States Constitution or federal law.

If his allegations are correct, Hansborough has suffered serious harm from the defendants' negligence or malpractice. Hansborough states no federal claim against these defendants, but he may have a valid state law claim against them. Accordingly, the court will dismiss this complaint without prejudice to the plaintiff's right to refile his claim in state court.

For the foregoing reasons, the court **DENIES** the plaintiff's motion for leave to proceed *in forma pauperis* (DE 2), and **DISMISSES** this cause of action without prejudice to the plaintiff's right to bring his claims in an appropriate state court.

**SO ORDERED.**

DATE: October 2, 2008

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT